[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] Memorandum
Neil Barry and Bernard Cohade, plaintiffs in these consolidated cases,[1] were engaged on February 26, 1998, in a construction project that included the installation of new roof shingles at the New Canaan Nature Center. They claim that they were injured when the planking on which they were standing collapsed due to failure of allegedly defective roof brackets designed, manufactured, tested and/or sold by the defendants. In their amended complaints, the plaintiffs assert a product liability claim under the Connecticut Product Liability Act (PLA), General Statutes §52-572 (count one), a claim for punitive damages in accordance with the Connecticut Product Liability Act (PLA), General Statutes § 52-240a
(count two), violation of the Connecticut Unfair Trade Practices Act (CUTPA), General Statutes § 42-110b et seq. (count three), and loss of consortium by their respective spouses (who are also plaintiffs in these cases) (count four). CT Page 14367-a
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 14367-b
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 14367-c
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 14367-d
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 14367-e
[EDITORS' NOTE: THIS PAGE IS BLANK.] CT Page 14367-f
The defendants have moved to strike the CUTPA claim. The basis for their motion is that the inclusion of a CUTPA claim in a product liability action violates the exclusivity provision of the Connecticut Product Liability Act, General Statutes § 52-572n(a).[2]
A motion to strike is the appropriate vehicle by which to challenge the legal sufficiency of a pleading. Practice Book § 10-39; Mingachos v.CBS, Inc., 196 Conn. 91, 108, 491 A.2d 368 (1985). "The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted . . ." (Citations omitted; internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270-71,709 A.2d 558 (1998).
Whether a statutory claim such as CUTPA can be included in a product liability complaint has been litigated frequently at the trial court level. Unfortunately, this issue has not yet been addressed by the Connecticut appeals courts. Connecticut trial court judges confronted with the issue have resolved it in a myriad of ways. The CUTPA claims addressed in Leach v. Minnesota Mining MFG. Co., Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 59244 (February 19, 1998) (Flynn, J.) (21 CONN.L.RPTR. 314), were stricken as a result of falling within the "all other claims" of the PLA exclusive remedy provision. Other superior court opinions hold that the PLA exclusivity provision applies only to common law claims as opposed to statutory actions such as CUTPA. See Gaetano v. Reich, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 142920 (March 11, 1998) (Vertefeuille, J.) (21 CONN.L.RPTR. 536); Priest v. MattressWholesalers, Superior Court, judicial district of Waterbury at Waterbury, Docket No. 143424 (June 12, 1998) (Gill, J.) (22 CONN.L.RPTR. 274);Bertucci v. General Motors Corp., Superior Court, judicial district of Fairfield at Stamford, Docket No. 146602 (May 29, 1998) (D'Andrea, J.) (22 CONN.L.RPTR. 261); Christensen v. Water Air, Inc., Superior Court, judicial district of Tolland at Rockville, Docket No. 65366 (March 16, 1998) (L.P. Sullivan, J.) (21 CONN.L.RPTR. 411).
A third line of cases applies a "functional equivalence test," requiring the determination whether the CUTPA claim is functionally equivalent to a properly pleaded PLA claim. These cases include WestHaven School District v. Owens-Corning Fiberglas Corp., 721 F. Sup. 1547
(D.Conn. 1988) (Nevas, J.); Ahbhi v. Ami, Superior Court, judicial district of New Haven at New Haven, Docket No. 382195 (June 3, 1997) (Silbert, J.) (19 CONN.L.RPTR. 493); Khouri v. Garden Way, Inc., Superior CT Page 14367-g Court, judicial district of Fairfield at Stamford, Docket No. 151045 (September 22, 1997) (Karazin, J.) (20 CONN.L.RPTR. 221); Fiondella v.Chrysler Motors Corp., Superior Court, judicial district of Hartford/New Britain at New Britain, Docket No. 469048 (March 13, 1996) (Fineberg, J.) (16 CONN.L.RPTR. 375); Juliano v. The Stanley Works, Inc., Superior Court, judicial district of New Haven at New Haven, Docket No. 359086 (September 28, 1994) (Hartmere, J.) (12 CONN.L.RPTR. 487); McCurry v. TheHome Depot, Inc., Superior Court, judicial district of Waterbury at Waterbury, Docket No. 120316 (September 7, 1994) (Sylvester, J.) (12 CONN.L.RPTR. 370); and Courtney v. Minwax Co., Superior Court, judicial district of New London at New London, Docket No. 524999 (January 5, 1994) (Austin, J.) (9 C.S.C.R. 174). See also J. Tropp and J. Rotondo, "The Preclusive Effect of the Connecticut Product Liability Act on Connecticut Unfair Trade Practice Act Claims," 70 Conn. B.J. 333 (1996).
This court is persuaded by those decisions relying upon the functional equivalence test as the formula for determining whether the PLA bars inclusion of a CUTPA claim in the same action. Such analysis gives effect to the statutory directive that the PLA provide the exclusive remedy for personal injuries caused by a defective product.
Application of the functional equivalence test requires consideration whether the CUTPA claim merely restates a claim for personal injuries under the PLA. Section 52-572m(b) of the PLA provides that a "`product liability claim' includes all claims or actions brought for personal injury, death or property damage, caused by the manufacture, construction, design, formula, preparation, assembly, installation, testing, warnings, instructions, marketing, packaging or labeling of any product." The CUTPA claim included in each of the amended complaints alleges in part as follows:
 The deceptive conduct of the defendants includes, but is not limited to, the following:
 a. The defendants failed to disclose to the general public the dangerous propensities of the subject roof bracket and misrepresented to the general public that the roof brackets, including the subject roof bracket, were safe when they knew or should have known that the roof brackets, including the subject roof bracket, were not safe;
 b. The defendants misrepresented the quality of its product by claiming that its products, including the CT Page 14367-h subject roof bracket, was safe, dependable, state2000 of-the-art in manufacture, when they knew or should have known that the subject roof bracket was not safe, dependable, and/or state-of-the-art in manufacture;
 c. The defendants misrepresented the quality of its product by claiming that it is appropriate for professionals who demand quality and safety to rely on Qual-Craft products, including the subject roof bracket, when it knew or should have known that it was not appropriate for professionals who demand quality and safety to rely on the roof brackets.
Barry Amended Complaint, Count Three, paragraph 19; Cohade Amended Complaint, Count Three, paragraph 20.
The court observes that these allegations concerning warnings, labeling, instruction, manufacture, marketing and packaging of the defendants' product state no more than what is otherwise actionable under the PLA.
Moreover, the same injuries alleged in the PLA count are later alleged in the CUTPA count of each amended complaint. See Barry Amended Complaint, Count One, paragraphs 19-22 and Count Three, paragraphs 21-24;Cohade Amended Complaint, Count One, paragraphs 20-23 and Count Three, paragraphs 22-25. Thus, the source of harm underlying both counts as well as the claimed relief are identical.
Accordingly, the court finds that the CUTPA claim in this case not only is redundant but it is the functional equivalent of a product liability claim. The CUTPA claim therefore must be stricken as barred by the exclusivity provision of the PLA, General Statutes § 52-572n(a).
The defendants' motion to strike the third count of the plaintiffs' amended complaints is granted.
McWEENY, J.